

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A MYERS, SHERNETTE                :
CLARK, KENNETH BIGNHAM, and               :
FLOYD MCLEAN,                             :
      Plaintiffs,                       :
                                :
                                :
v.                                       :

TOWN OF TRUMBULL,                         :     CASE NO.:  3:03 CV 373 (RNC)
OFFICER COPPOLA, I.D. #24 (first name    :
unknown) (individually and in his official :
capacity), OFFICER, I.D. #35 (name       :
unknown) (individually and in his official :
capacity), SPECTAGUARD, MICHAEL          :
(last name unknown), WESTFIELD           :
SHOPPINGTOWN, JOHN DOES 1                 :
Through 10, Jane Does 1 through 10,       :
and ABC Corp. through XYZ,                :
individually, jointly, and severally,     :
                                :
      Defendants.                       :     October 23, 2003

## DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO MOTION TO DISMISS

The Defendants, TOWN OF TRUMBULL, OFFICER COPPOLA and OFFICER, I.D.

#35, submit the following Reply in order to address two issues raised by the Plaintiffs' letter

brief dated October 17, 2003.[1]

---

[1] Although Defendants' counsel is not familiar with the procedure utilized by the Plaintiffs in filing a "letter brief" rather than a formal objection, the Plaintiffs' arguments are set forth in a format to which the Defendants' may

## I.    COUNT ONE – Complaint Fails to Allege Conspiracy with Sufficient Particularity

In the Motion to Dismiss dated September 23, 2003, the Defendants argued that the first count of the Complaint must be dismissed, because it failed to set forth any facts supporting a claim for conspiracy pursuant to 42 U.S.C. § 1985. The Plaintiffs have responded by arguing that "paragraph 29 . . . sufficiently alleges that defendants unlawfully conspired with one another to force plaintiffs to leave the Mall and that said actions on the part of defendants were discriminatory against plaintiffs based on their race and national origin." In fact, Paragraph 29 does not contain anything more than the alleged discriminatory motives behind the Defendants' actions.

Paragraph 29 of the Complaint actually states as follows: "Defendants' actions in forcing plaintiffs to leave the Mall, an accommodation open to the general public for business purposes, were discriminatory against plaintiffs based on their race and national origin."

The Motion to Dismiss set forth the four elements of a conspiracy claim under § 1985. See Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000), cert. denied, 534 U.S. 816, 122 S. Ct. 44, 151 L. Ed. 2d 16 (2001). The Plaintiffs have failed to acknowledge that the allegations of Paragraph 29 relate to every element of a § 1985 claim with the notable exception of the first element: proving the existence of a conspiracy. Paragraph 29 of the

respond. Therefore, any references to the "Plaintiffs' brief" or "Plaintiffs' objection" describe the letter brief dated

Complaint does not cure any of the deficiencies noted by the Defendants in the Motion to Dismiss; there are no allegations containing details as to when this purported conspiracy against the Plaintiffs was formed. There are no details concerning the various roles alleged to have been played by the Defendants in this purported conspiracy. As pointed out by the Defendants, "the Second Circuit has repeatedly required specific factual allegations to support conspiracy claims." Local 749, AFSCME, Council 4, AFL-CIO v. Ment, 945 F. Supp. 30, 35 (D. Conn. 1996). Contrary to the arguments of the Plaintiffs, their Complaint contains no factual support for the conclusory allegation that "[a]ll named defendants conspired with one another to [deprive] plaintiffs of their rights . . . ." (Complaint, ¶ 31).

The Plaintiffs have failed to allege sufficient facts to support a claim of conspiracy pursuant to § 1985. Therefore, the Court should grant the Defendants' Motion to Dismiss.

## II.     FOURTH COUNT – Amended Complaint Demonstrates More Clearly that Counts Three and Four are Redundant as to Police Officers

In the Motion to Dismiss, the Defendants noted the redundancy between Counts Three and Four of the original Complaint. The Defendants further noted the absence of an enabling statute in Count Four under which the Plaintiffs were seeking relief for the alleged violations of constitutional and statutory rights. The Plaintiffs have responded by amending Count Four of their Complaint to add allegations that 42 U.S.C. § 1981 is applicable. However, now Count

October 17, 2003.

Four is merely a shadow of Count Three:  The allegations against the Police Officers in Count Three are contained, in their entirety, in the allegations of Count Four.  The Plaintiffs' proposed solution attempts to cure one problem at the same time that it exacerbates another.[2]

## III.    CONCLUSION

The Plaintiffs have failed to address the deficiencies noted in the original Complaint as argued in the Defendants' Motion to Dismiss.  Furthermore, the Plaintiffs' Amended Complaint only exacerbates the redundancy between Counts Three and Four.  For the reasons set forth above and for those set forth in the Defendants' Motion to Dismiss, the Court should dismiss Counts One through Four of the Complaint.

DEFENDANTS,
TOWN OF TRUMBULL,
OFFICER COPPOLA and OFFICER, I.D. #35

By:  _____
Louis N. George, Esq.
Fed. Bar No.:  CT 02192
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

---

[2] To the extent that the Plaintiffs and the Court were made aware of the redundancy between these two counts, and to the extent that the Plaintiffs' amendment makes the redundancy even more apparent, the Court should note that Rule 12 (f) allows a Court to order stricken from a pleading any such redundant matter "upon the court's own initiative at any time."

4

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this _23_ day of October,

2003 to the following counsel and/or pro se parties of record:


Michael T. McCormack
Tyler, Cooper & Alcorn, LLP
185 Asylum Street
Cityplace I 35th Floor
Hartford, CT 06103-3802


Cynthia H. Hardaway
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ 07102


Robert J. Flanagan, Jr.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT 06473-0221


_____
Louis N. George


LNG/seb
\\Sbs2k\shared\Northland Cases\Meyers, Richard et al v. Town of Trumbull, et al\Pleadings\Reply to object to Motion to
Dismiss.doc