FILED
2003 OCT 31  P 1:54

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. MYERS, SHERNETTE CLARK, KENNETH BINGHAM, FLOYD McLEAN<br><br>        Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF TRUMBULL, TRUMBULL POLICE DEPARTMENT, OFFICER COPPOLA, I.D. # 24 (first name unknown) (individually and in his official capacity), OFFICER, I.D. #35 (name unknown) (individually and in his official capacity), SPECTAGUARD, MICHAEL (last name unknown), WESTFIELD SHOPPINGTOWN, JOHN DOES 1 through 10, JANE DOES 1 through 10, and ABC Corp. through XYZ, individually, jointly and severally,<br><br>        Defendants. | CASE NO.: 3:03 CV 373 (RNC)<br><br><br><br><br><br><br><br><br><br>October 28, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

In paragraphs 25 and 29 of plaintiffs' complaint, they allege that the above-named defendants along with other defendants, unlawfully detained plaintiffs and further

discriminated against plaintiffs by forcing them to leave the Mall based on their race and national origin. Pursuant to paragraph 30, the allegations in paragraph 25 and 29 are "incorporated by reference into each of the following claims for relief as if fully set forth in each such claim." Paragraph 39 of plaintiffs' complaint specifically request equitable relief with respect to plaintiffs' prayer for relief.

## II. LAW AND ARGUMENT

When considering a Rule 12(b)(6) motion to dismiss, the court, while drawing any inferences in a light most favorable to the plaintiff, must accept as true all factual allegations set forth in the complaint. The moving party has the burden of proof. See Ragin v. New York Times Co., 923 F.2d 995, 999 (2d Cir.), cert denied, 502 U.S. 821, 112 S.Ct.81, 116 L.Ed 2d 54 (1991). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Mytych v. May Dept. Stores Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." Local

749, AFSCME, Council 4, AFL-CIO v. Ment, 945 F. Supp. 30, 33 (D. Conn. 1996).

Here, defendants contend that plaintiffs' complaint fails to sufficiently allege a conspiracy pursuant to 42 U.S.C. § 1985, and therefore, that count of the complaint must be dismissed. On the contrary, plaintiffs contend that paragraph 29, which is incorporated by reference into the conspiracy count pursuant to paragraph 30, sufficiently alleges that defendants unlawfully conspired with one another to force plaintiffs to leave the Mall and that said actions on the part of defendants were discriminatory against plaintiffs based on their race and national origin. Therefore, the conspiracy court with respect to the moving defendants should not be dismissed.

Defendants further argue plaintiffs' false imprisonment count should be dismissed against them. "[F]alse imprisonment is the unlawful restraint by one person of the physical liberty of another." Rivera v. Double A Transportation, Inc., 248 Conn. 21, 31, 727 A.2d 204 (1999). "A person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or with knowledge that such confinement will, to a substantial certainty, result from it." Id.

Here, plaintiffs allege, in paragraph 25, that the defendant officers detained plaintiffs in the Mall parking lot. It is clear from a reading of the complaint that during this period of

detention plaintiffs were not free to leave the premises. Paragraph 25 is incorporated by reference into each and every claim for relief as if fully set forth in each such claim. The false imprisonment claim, in paragraph 33, alleges that the detention referred to in paragraph 25, was unlawful and in violation of plaintiffs rights under both federal and state law.

Viewing the complaint in a light most favorable to plaintiffs, they have sufficiently alleged that they were confined for a period of time in the Mall parking lot by the defendant police officers and that said detention was unlawful. Thus, plaintiffs have alleged sufficient facts to sustain a cause of action for false imprisonment. Defendants' argument that the purpose for detaining plaintiffs was merely to check the identification of plaintiffs goes to the weight of the evidence and should not be considered at this juncture.

In addition, defendants contend that plaintiffs' cause of action under 42 U.S.C. § 2000(a) should be dismissed because plaintiffs fail to request equitable relief and the statute does not provide for compensatory and punitive damages. Plaintiffs agree that §2000(a) does not award such damages. However, in paragraph 39 of plaintiffs' complaint, they request equitable relief against defendants in their general prayer for relief. Therefore, § 2000(a) should not be dismissed as it pertains to the moving defendants.

Finally, defendants contend that plaintiffs' fourth claim for relief should be dismissed as against defendants because it does not set forth a cognizable cause of action. Paragraph 29, which is incorporated by reference into each and every claim for relief, alleges that defendants' discriminatory acts in forcing them to leave the Mall were directed against plaintiffs based on their race and national origin. These allegations, although not specifically referred to by statute in the complaint, clearly raises a cause of action under 42 U.S.C. §§ 1981. "Section 1981 prohibits discrimination on the basis of race and national origin." Local 749, AFSCME, Council 4, AFL-CIO v. Ment, 945 F. Supp. at 35.

The fourth claim for relief also alleges violations under 42 U.S.C. §2000(a), as well as the First and Fourth Amendments to the Unites States Constitution. When viewed in a light most favorable to plaintiffs, the fourth claim for relief sufficiently sets for several causes of actions as against defendants and should not be dismissed.

Although plaintiffs contend that the complaint sets fourth sufficient factual allegations to survive a motion to dismiss under Rule 12(b)(6), plaintiffs cross-move to Amend the Complaint with respect to any alleged deficiencies.

### III.  CONCLUSION

Based on the foregoing, defendants' motion should be dismissed.

Hunt, Hamlin & Ridley
Attorneys for Plaintiffs

By: _____
Cynthia H. Hardaway
Fed. Bar No.: CT24752

cc: Louis N. George, Esq.
    Michael T. McCormack, Esq.
    Robert J. Flanagan, Jr.

## CERTIFICATION OF MAILING

This is to certify that a copy of the foregoing has been sent via regular mail on this 29th day of October, 2003 to the following counsel of record:

Louis N. George
Hasset & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114

Michael T. McCormack
Tyler, Cooper & Alcorn, LLP
185 Asylum Street
Cityplace I 35th Floor
Hartford, CT 06103-3802

Robert J. Flanagan, Jr.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT 06473-0221

By: _____
Cynthia H. Hardaway

DATED: October 29, 2003