HUNT, HAMLIN, & RIDLEY
Military Park Building
60 Park Place, Suite 1602
Newark, New Jersey  07102
973) 242-4471
Attorney(s) for Plaintiff(s)
Richard A. Myers
Shernette Clarke
Kenneth Bingham
Floyd McLean

FILED

2003 NOV 19  A 8: 09

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| RICHARD A. MYERS, SHERNETTE CLARK, KENNETH BINGHAM, FLOYD McLEAN<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF TRUMBULL, OFFICER COPPOLA, I.D. # 24 (first name unknown) (individually and in his official capacity), OFFICER, I.D. #35 (name unknown) (individually and in his official capacity), SPECTAGUARD, MICHAEL (last name unknown), WESTFIELD SHOPPINGTOWN, JOHN DOES 1 through 10, JANE DOES 1 through 10, and ABC Corp. through XYZ, individually, jointly and severally,<br><br>　　　　　Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.: 03CV373(RNC)<br><br><br>AMENDED COMPLAINT AND DEMAND<br>　　　FOR JURY TRIAL |

PLAINTIFFS RICHARD A. MYERS, SHERNETTE CLARK, KENNETH

BINGHAM, and FLOYD MCLEAN are citizens of the State of New Jersey and

residing in the City of East Orange in the State of New

Jersey, County of Essex, by way of complaint against the

defendants hereby says:

## I.  **JURISDICTION AND VENUE**

1.   Jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1331 in as much as this matter involves causes of action arising under 42  U.S.C. §§ 1981,1983, 1985, 1986, 2000(a) and the Fourth, First, and Fourteenth Amendments to the United States Constitution.

2.   Jurisdiction of this court is evoked pursuant to 28 U.S.C. 1343 in as much as this matter involves causes of action seeking redress for the deprivation under color of state law of rights existing under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

3.   Jurisdiction of this Court is evoked pursuant to 28 U.S.C. § 1332 in as much as this matter involves causes of action arising between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.

4.   The jurisdiction of the claims based on New Jersey law which are set forth in this complaint is invoked pursuant to pendant jurisdiction of this Court.

## II.  **PARTIES TO THE ACTION**

5.   Plaintiffs, at all times relevant, resided and currently reside in the City of East Orange, County of Essex, State of  New Jersey.

6.   Upon information and belief, defendant Township

of Trumbull is a municipal corporation organized under the laws of the State of Connecticut, located in the State of Connecticut with its principal place of business at 5866 Main Street, Trumbull, Connecticut.

7.   Defendant Officer Coppola, is a resident of the State of Connecticut and at all times relevant was employed by the Trumbull Police Department as a police officer.

8.   Defendant Officer I.D. #35 is a resident of the State of Connecticut and at all times relevant was employed by the Trumbull Police Department as a police officer.

9.   Upon information and belief, defendant Spectaguard at all times relevant was incorporated in and with its principal place of business in the State of Connecticut and located at 5065 Main Street, Trumbull, Connecticut.

10.  Upon information and belief, defendant Michael (Last Name Unknown) is a resident of the State of Connecticut, and at all times relevant was employed by defendant Spectaguard and/or defendant Westfield Shoppingtown as a security guard.

11.  Defendant Westfield Shoppingtown (The Mall) is a shopping mall incorporated in and with its principal place of business in the State of Connecticut and located at

5065 Main Street, Trumbull, Connecticut.

12.   Defendants John Does 1 through 10 are
fictitious names of other individuals who aided and
abetted and/or conspired with defendants to deprive
plaintiffs of their civil rights.

### III.  BACKGROUND AND NATURE OF ACTION

14.   Plaintiffs Richard A. Myers, Shernette Clark,
Kenneth Bingham, and Floyd McLean are all members of the
Black race and of West Indian decent.

15.   At all times mentioned herein, defendants
Officer Coppola and Officer I.D. #35 were police officers
for the Township of Trumbull and were on duty acting under
color of law.   Upon information and belief, the defendant
officers were white males.

16.   On July 31, 2001, at approximately 9:00 p.m.,
plaintiffs entered the defendant Mall, which at all times
relevant was a shopping center open to the general public
for business purposes.

17.   Defendant Mall consists of various stores
specializing in the sale of clothing articles, food
products, and general merchandise.   The Mall also has
various resting areas for weary shoppers and/or browsers
who visit the Mall during business hours.

18.  After plaintiffs entered the Mall, plaintiffs Richard A. Myers and Shernette Clark went shopping while plaintiffs Kenneth Bingham and Floyd McLean waited for them in one of the resting areas.

19.  While plaintiffs Bingham and McLean were waiting in the rest area, they were approached by two white females who invited them to a party and gave them a flyer. As plaintiffs Bingham and McLean were talking to the females, an individual approached the group and identified himself as a security guard.

20.  The security guard asked plaintiffs Bingham and McLean to leave the Mall.  Plaintiffs Bingham and McLean told him that they could not leave because they were waiting for their friends to finish shopping and that they did not have the keys to the vehicle they had driven to the Mall.

21.  The security guard, who later identified himself as defendant Michael (LNU), insisted that plaintiffs Bingham and McLean leave the Mall immediately.  At this point, plaintiffs Myers and Clark  approached the area where plaintiffs Bingham, McLean, and defendant Michael were standing.

22.  Defendant Michael then stated that all plaintiffs must immediately leave the premises as they were not wanted there.  When plaintiffs inquired as to why they

were being asked to leave, defendant Michael responded
that the Mall has a right to ask unwanted shoppers to
vacate the premises.

23. As the conversation continued, defendant Michael
radioed for assistant from other security guards employed
by the Mall. Plaintiffs informed defendant Michael that
there was no need to escalate the situation and indicated
that they would leave the Mall on their own accord.

24. Defendant Michael indicated that plaintiffs would
not be allowed to leave the Mall unescorted. As such,
plaintiffs were escorted from the Mall by approximately
six to eight security guards. This occurred in full view
of the other patrons of the Mall.

25. Once outside of the Mall, the security guards
detained plaintiffs in the parking area until the arrival
of the defendant police officers. The defendant police
officers then detained plaintiffs and asked to see each
plaintiffs' identification.

26. After complying, plaintiffs were told by the
defendant police officers that if they did not leave the
premises, they would be arrested. Plaintiffs were also
told that if they returned to the Mall that they would be
arrested. Plaintiffs then were allowed to leave.

27. As they were leaving, defendant Michael gave
plaintiffs a business card for the Mall and a card

entitled Courtesy Code.

28. The Courtesy Code lists thirteen activities that are prohibited by the Mall. The card concludes that "any person who violates the above guidelines will have their permission to utilize the Mall revoked. These rules are subject to change based on the determination of Management." Defendant Michael did not inform plaintiffs as to which section of the Courtesy Code that they had violated.

29. Defendants' actions in forcing plaintiffs to leave the Mall, an accommodation open to the general public for business purposes, were discriminatory against plaintiffs based on their race and national origin in violation of 42 U.S.C. §§ 1981 and 2000(a).

## IV.  INCORPORATION OF ALLEGATIONS

30. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## V.  CLAIMS FOR RELIEF

### A.  FIRST CLAIM FOR RELIEF

(Conspiracy-federal claim)

31. All named defendants conspired with one another

to deprive plaintiffs of their rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and having the power to prevent through its agents and assigns the violation of said rights, refused to do so in violation of 42 U.S.C. §§ 1985.

32.   Specifically, plaintiffs allege that defendants, as alleged in paragraph 29 and incorporated by reference as if set forth fully in each and every Count pursuant to paragraph 30, Township of Trumbull through its employees the defendant police officers, Spectaguard, its employees, and The Mall, conspired to discriminate against plaintiffs by forcing them to leave the Mall based on their race and national origin in violation of 42 U.S.C. §§ 1981 and 2000(a).

33.   Additionally, plaintiffs allege that, upon inquiry, the aforesaid defendants never informed plaintiffs as to why they had to leave The Mall.  The only response that the defendant security guards and police officers gave plaintiffs was that the were not wanted at The Mall.  Plaintiffs allege that the true reason was unlawfully based on plaintiffs' race and national origin.

34.   As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed, which has caused them and will continue

to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish.

**WHEREFORE**, plaintiffs requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### B.  SECOND CLAIM FOR RELIEF

(false imprisonment and false arrest)

35.  The defendants' actions in illegally detaining plaintiffs in the Mall parking lot without allowing them to leave for a specific period of time constituted false arrest and false imprisonment.  Defendants actions were further committed with malice, willfulness, and a wanton disregard of the rights of plaintiff under both federal and state law.

36.  As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged and otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

C.    <u>THIRD CLAIM FOR RELIEF</u>

(42 U.S.C. §1983)

37.    The defendant officer, acted under color of law, in discriminating against plaintiffs by denying them access to a public accommodation in violation of 42 U.S.C. §§ 2000(a) and 1981, depriving them of liberty in violation of the 4th and 14th Amendments and equal protection of the laws in violation of the 14th Amendment, and freedom of association in violation of the 1st Amendment to the United States Constitution.  Such actions by the defendant officers were committed with wanton disregard for the rights of plaintiff.

38.    As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed and unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

D.    <u>Fourth Claim for Relief</u>

39.    Defendants discriminated against plaintiff by denying them access to a public accommodation based on

their race and national origin, as alleged in paragraph 29
and incorporated by reference into each and every claim as
if set forth fully therein, in violation of 42 U.S.C. §§
1981 and 2000(a), unlawfully detaining and depriving them
of liberty in violation of the 4th and 14th Amendments, and
depriving them of freedom of association in violation of
the 1st Amendment of the United States Constitution.

**WHEREFORE**, plaintiff requests judgment against
defendants for compensatory and punitive damages, together
with attorney fees and costs of suit and any other and
further relief as the Court may deem proper and just.

### E.    FIFTH CLAIM FOR RELIEF

40.    Defendant (s) John Does and Jane Does are
fictitious names intended to identify any and all parties,
including individuals, corporations and/or entities whose
identities are presently unknown to plaintiff, who
together with the named defendants were responsible for
the deprivation of plaintiff's rights as guaranteed by the
Fourth, First, and Fourteenth Amendments to the United
States Constitution, the New Jersey State Constitution and
state law, and in violation of 42 U.S.C. §§ 1981, 1983,
1985,1986, 2000(a).

**WHEREFORE**, plaintiff requests judgment against
defendants for compensatory and punitive damages, together

with attorney fees and costs of suit and any other and

further relief as the Court may deem proper and just.

### F.   SIXTH CLAIM FOR RELIEF

(Municipal Liability-federal and state)

41.   Defendant Town of Trumbull, in violation of 42

U.S.C. § 1983, and state negligence laws, failed in their

duty to plaintiffs to adequately train, and supervise the

defendant officers, who at all times were acting within

the scope of their employment and pursuant to a municipal

custom or policy, so as to prevent the violations of 42

U.S.C. §§ 1981, 2000(a), 1985, 1986, the First, Fourth,

and Fourteenth Amendments to the United States

Constitution, the laws of the State, and the State

Constitution. Such a failure on the part of defendant

Township of Trumbull amounted to a deliberate indifference

to the constitution rights of plaintiff.

42.   Defendant Township of Trumbull is further liable

to plaintiff under the theory of respondeat superior, and

directly liable to plaintiff under § 1983 for implementing

a policy, followed by the defendant officers, which lead

to the deprivation of plaintiff's rights in violation of

42 U.S.C. §§ 1981, 2000(a), and the First, Fourth and

Fourteenth Amendment to the Constitution.

43.   As a result of the foregoing deprivations,

plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which have caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish.

**WHEREFORE,** plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## VI. PRAYER FOR RELIEF

44.   Plaintiffs do not have a complete and adequate remedy at law and is thus entitled to injunctive and other equitable relief.

**WHEREFORE,** plaintiffs pray that this Court:

a.   Grant plaintiff a permanent injunction enjoining defendants, its officers, agents, successors, employees, attorney's, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, from engaging in practices which discriminate against plaintiffs on the basis of race, national origin, color, gender or age or is retaliatory in nature.

b. Order defendants to be taxed with the cost of this action, including reasonable attorney's fees for plaintiffs.

c.   Retain jurisdiction over this action to ensure

compliance with the orders of this court and require defendants to file such reports as the Court may deem necessary to evaluate such compliance.

    d.  Award plaintiffs compensatory damages to be proved at trial.

    e.  Award punitive damages to plaintiffs in an amount to properly penalize defendants for their misconduct and to deter such wrongdoing in the future.

    f.  Grant such additional relief as the Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4 Cynthia H. Hardaway, Esq. and Raymond L. Hamlin, Esq. are hereby designated as trial counsel.

## CERTIFICATION

Counsel certifies that this pleading is presented in compliance to R. 11 of the Federal Rules of Civil Procedure.

HUNT, HAMLIN & RIDLEY
Attorney for Plaintiffs

Raymond L. Hamlin

Cynthia H. Hardaway

DATED: October 28, 2003