*Handwritten endorsement in left margin:*

April 5, 2004. The Clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion without a prefiling conference on or before April 26, 2004. So ordered.

Robert N. Chatigny, U.S.D.J.

---

# Tyler Cooper & Alcorn, LLP
*Counsellors at Law*

RECEIVED
FEB 17  12 25 PM '04
CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

Michael T. McCormack
860.725.6279
Fax 860.278.3802
mmccormack@tylercooper.com
www.tylercooper.com

185 Asylum Street
CityPlace / 35th Floor
Hartford, CT 06103-3488
860.725.6200

New Haven
Hartford
Stamford
Madison

February 17, 2004

**VIA HAND DELIVERY**

The Honorable Robert N. Chatigny
Chief Judge
United States District Court for the
District of Connecticut
450 Main Street
Hartford, CT 06103

    Re:    Richard A. Myers, et al. v. Township of Trumbull, et al.
            Docket No. 3:03-CV-00373 (RNC)

Dear Judge Chatigny:

    I represent the defendant, Westfield Shoppingtown Trumbull ("Westfield") in the above matter. Pursuant to the Court's Case Management Order, I write to request that a prefiling conference be scheduled to discuss a motion for summary judgment that we intend to file on behalf of Westfield following the completion of discovery.

    Although discovery is not yet complete, I expect to file a motion for summary judgment on the First Claim of Relief, Second Claim for Relief, and Fourth Claim for Relief of plaintiffs' Amended Complaint dated October 17, 2003 directed to Westfield. The basis for the motion will be that there is no factual or legal basis for the claims alleged against Westfield. Specifically, I believe that the evidence in this case will show that no employee or agent of Westfield was present on the date of the incident which gives rise to the plaintiffs' claims. The incident at issue only involved the plaintiffs, representatives of Spectaguard an independent contractor hired by Westfield to provide security services at the Westfield Shoppingtown Trumbull mall, and representatives from the Town of Trumbull Police Department. Contrary to the allegations in the plaintiffs' amended complaint, there is no factual or legal basis for the plaintiffs' claims that representatives of Westfield conspired with representatives of Spectaguard or the Town of Trumbull for purposes of violating plaintiffs' rights under 42 U.S.C. §1985.

    Additionally, because no employee or agent of Westfield was involved in the incident that plaintiffs allege occurred on July 31, 2001, Westfield can not be held liable for false imprisonment

FILED 2004 APR -6