UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A. MYERS, SHERNETTE  :
CLARK, KENNETH BINGHAM and    :
FLOYD MCLEAN,                 :
                              :
    Plaintiffs,              :
                              :
V.                            :   CASE NO. 3:03CV373 (RNC)
                              :
TOWNSHIP OF TRUMBULL, ET AL.,[1] :
                              :
    Defendants.              :

FILED
2004 APR 26  A 10: 58
U.S. DISTRICT COURT
HARTFORD, CT.

RULING AND ORDER

Plaintiffs, four males who describe themselves as "members of the Black race and of West Indian descent," Am. Compl. ¶ 14, bring this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 2000a, against the Town of Trumbull, two Trumbull police officers, a retail shopping mall in Trumbull, a company that provides security services at the mall, and a mall security guard.  They allege that they were physically ejected from the mall, and ordered to stay away from it, solely because of their race and national origin.  In response to a motion to dismiss filed by the Town and its police officers, plaintiffs have filed an amended complaint, which addresses some of defendants' arguments but does not moot the motion to dismiss.  For the

---

[1] The defendants named in the amended complaint are: Township of Trumbull, Trumbull police officer Coppola (first name unknown), Trumbull police officer I.D. #35 (name unknown), Spectaguard, Michael (last name unknown), Westfield Shoppingtown, John Does 1 through 10, Jane Does 1 through 10 and ABC Corporation.

1

reasons that follow, the motion is granted in part and denied in part.

I.  Background

The amended complaint alleges the following facts, which are accepted as true for purposes of this motion. On July 31, 2001, at about 9:00 p.m., plaintiffs entered the mall, which was open for business. Plaintiffs Kenneth Bingham and Floyd McLean were waiting in a rest area of the mall for plaintiffs Richard Myers and Shernette Clark to finish shopping when they were approached by two white females who invited them to a party, handed them a flyer and engaged them in conversation. A security guard, defendant Michael (last name unknown), interrupted the conversation and told the two plaintiffs to leave the mall. They responded that they could not leave because they were waiting for friends to finish shopping and did not have keys to the car they had used to get to the mall.

Myers and Clark soon appeared and the guard told all four plaintiffs they had to leave because they were not wanted there. Plaintiffs told the guard they would leave voluntarily. Nevertheless, they were escorted from the mall by six to eight guards, in full view of other shoppers, and detained in the parking area pending the arrival of police officers, who had been summoned by the guard.

Within a few minutes, the defendant officers arrived and asked to see each plaintiff's identification. Plaintiffs readily complied but the officers told them they had to leave anyway and

could not return or they would be arrested. At no time did anyone tell the plaintiffs that they had engaged in conduct warranting their ejection from the mall.

II. Discussion

To adequately plead a claim for relief in federal court, all a plaintiff has to do is provide a short, plain statement that gives fair notice of the nature of the claim and the grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). At the pleading stage of a case, a claim may be dismissed only if it is clear that no relief could be granted under any set of facts consistent with the plaintiff's allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Moreover, in ruling on a motion to dismiss, all factual allegations must be assumed to be true and all reasonable inferences must be drawn in plaintiffs' favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Under these permissive rules, motions to dismiss are often unavailing.

A. Count One: Section 1985(3)

Count one of the amended complaint alleges a conspiracy to deprive plaintiffs of rights guaranteed by the First, Fourth and Fourteenth Amendments. Defendants move to dismiss this claim as to the Town on the ground that plaintiffs are seeking to hold the Town vicariously liable for the actions of the police officers. They also move to dismiss the claim in its entirety on the ground that plaintiffs have failed to plead specific facts required to support a conspiracy claim in this Circuit. I agree that the

3

allegations of this count fail to state a claim against the Town but find that they do suffice to state a claim against the officers.

1. <u>The Claim Against the Town</u>

Plaintiffs allege that the Town conspired to discriminate against them "through its employees[,] the defendant police officers." Am. Compl. ¶ 32. A municipality may not be held liable under § 1985(3) solely on the basis of an employer-employee relationship with an alleged wrongdoer. <u>See</u> <u>Carnegie v. Miller</u>, 811 F. Supp. 907, 914 (S.D.N.Y. 1993); <u>see</u> <u>also</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997) (municipal liability under § 1983 is limited to acts of policymakers or employees following policy or custom). Liability for a conspiracy to violate a person's constitutional rights may attach to a municipality only if it participates in the conspiracy through policy or custom. <u>See</u> <u>Thomas v. Roach</u>, 165 F.3d 137, 147 (2d Cir. 1999). This requirement can be satisfied when a policymaker participates in the conspiracy to abridge the victim's rights, a lower level employee participates pursuant to official policy, or a lower level employee participates because policymakers are deliberately indifferent to such violations. <u>See</u> <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 694 (1978).

None of these three potential bases for imposing conspiracy liability on the Town is pleaded in the amended complaint. The police officers are not policymakers, there is no allegation that

they implemented a municipal policy of discriminating against mall patrons on the basis of race, nor any allegation that a policymaker deliberately failed to take action to prevent officers from engaging in unlawful discrimination at the mall although the need for preventive action was obvious. Accordingly, the conspiracy claim against the Town must be dismissed.

2. The Claim Against the Officers

Plaintiffs allege that the defendant security guard told them they had to leave the mall solely because they were "not wanted there," and called for six to eight other guards to escort them from the mall in full view of other patrons, although that humiliating action was entirely unnecessary. Crediting these allegations, the officers' order ejecting plaintiffs from the premises at the behest of the guard, accompanied by a threat to arrest them if they returned, may be viewed as evidence of an agreement on the part of the guard and the officers to discriminate against plaintiffs because of racial animus. More detail is not required to give fair notice of the basis of the conspiracy claim against the officers.

Plaintiffs' § 1985(3) conspiracy claim will fail unless they can prove a violation of a substantive right. See Spencer v. Casavilla, 903 F.2d 171, 174 (2d Cir. 1990) (§ 1985(3) "provides no substantive rights itself"). With that in mind, it bears noting that plaintiffs clearly have no viable First Amendment

5

claim,[2] and may have difficulty proving a violation of their right to equal protection.[3] At this stage, however, it cannot be said beyond any doubt that plaintiffs can prove no facts consistent with their allegations that would entitle them to relief against the officers under § 1985(3).

B. Count Two: False Imprisonment

The second count of the amended complaint alleges a common law claim for false imprisonment. Defendants move to dismiss this claim on the ground that the officers, having been summoned by mall security, merely asked to see each plaintiff's identification. This argument construes plaintiffs' allegations in a manner that minimizes the officers' role. Construing the allegations in a manner most favorable to the plaintiffs, the officers' interference with their freedom of movement was sufficiently serious to be actionable if, as they claim, it lacked any legitimate basis. See Berry v. Loiseau, 223 Conn. 786, 820 (1992). Defendants have not attempted to show that the Town cannot be held vicariously liable under state law for the officers' allegedly tortious conduct. Accordingly, the motion to dismiss this claim is denied.

---

[2] See Lloyd Corp. v. Tanner, 407 U.S. 551, 563-64 (1972) (privately-owned retail shopping mall not subject to First Amendment); D'Aguanno v. Gallagher, 50 F.3d 877, 880 (11th Cir. 1995) (cases recognizing First Amendment right to freedom of association do not clearly establish that people have a right to associate on private property without owner's consent).

[3] See Lizardo v. Denny's, Inc., 270 F.3d 94, 102-106 (2d Cir. 2001); Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999).

C. <u>Count Three: Section 1983</u>

The third count of the amended complaint seeks relief under § 1983 for alleged violations of plaintiffs' rights under the First, Fourth and Fourteenth Amendments. Defendants have not moved to dismiss these claims.[4]

D. <u>Count Four: Sections 1981 and 2000(a)</u>

The fourth count of the amended complaint alleges that defendants discriminated against plaintiffs in violation of 42 U.S.C. §§ 1981 and 2000(a) by denying them access to the mall, detaining them without cause, and threatening them with arrest, on account of their race and national origin. For these alleged violations, plaintiffs seek both damages and injunctive relief. Defendants suggest that this count should be stricken in whole or in part because it is essentially the same as count three. Though the claims do overlap, each one is legally distinct, and thus cannot be stricken, unless the relevant allegations are insufficient to state a claim on which relief can be granted.

The allegations of amended count four are sufficient to state a claim against the officers for violating § 1981. In particular, plaintiffs may be able to prove that the officers deprived them of "the full and equal benefit" of proceedings for the "security of persons and property." See <u>Phillip v. Univ. of</u>

---

[4] I construe this count to be limited to section 1983 claims against the individual defendants because the section 1983 claim against the Town is pleaded in the sixth count, which asserts that the alleged deprivations of plaintiffs' rights were caused by the Town's failure to adequately train and supervise the officers.

Rochester, 316 F.3d 291, 298 (2d Cir. 2003) (African-American students detained by University's security personnel, who attempted to have them prosecuted, stated claim under equal benefit clause of § 1981 because they alleged that security personnel would not have taken same action had white students engaged in same conduct). Accordingly, this claim is not susceptible to a motion to strike.[5]

The allegations of this count also state a claim against the officers for engaging in action prohibited by § 2000a. Defendants initially challenged this claim on the ground that the only form of relief available for a violation of § 2000a is injunctive relief, which plaintiffs were not expressly requesting at the time. Plaintiffs have cured this defect by adding a specific request for injunctive relief in the amended complaint. Plaintiffs are entitled to seek injunctive relief under § 2000a while also seeking damages under § 1983. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 n.5 (1970).

III. Conclusion

Accordingly, the motion to dismiss is hereby granted in part and denied in part. [Doc. # 27] Count one of the amended complaint is dismissed as to the Town. Otherwise, the motion is denied.

---

[5] This claim could have been pleaded in count three because, under Jett v. Dallas Indep. School Dist., 491 U.S. 701, 735 (1989), the exclusive damages remedy against state actors for violations of the rights guaranteed by section 1981 is provided by section 1983. See Anderson v. Conboy, 156 F.3d 167, 176 n.17, 178-79 n.19 (2d Cir. 1998).

So Ordered.

Dated at Hartford, Connecticut this 25th day of April 2004.

                          /s/ Robert N. Chatigny
                          United States District Judge