THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. MYERS, *ET AL.* | |
| Plaintiffs, | |
| | CIVIL ACTION NO.: 3:03-CV-00373 (RNC) |
| V. | |
| TOWNSHIP OF TRUMBULL, *ET AL.* | |
| Defendants. | JUNE 15, 2004 |

## DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 56(b), the defendant Westfield Shoppingtown Trumbull (improperly identified as Westfield Shoppingtown), hereby moves for the entry of summary judgment in its favor on all counts of the plaintiffs' Amended Complaint directed to Westfield Shoppingtown Trumbull. As is more particularly set forth in the memorandum of law filed in support of this motion, under the undisputed facts set forth in Westfield Shoppingtown Trumbull's Rule 56(a) Statement and the Affidavit of Len Maenza, Westfield Shoppingtown is entitled to judgment as a matter of law because: (1) no representative of Westfield Shoppingtown Trumbull was present at the time of the incident alleged in the plaintiffs' complaint and there is no basis upon which liability may be imposed against Westfield Shoppingtown Trumbull for the alleged acts of the codefendants; (2) plaintiffs cannot recover damages under 42 U.S.C. §2000a because Westfield Shoppingtown Trumbull, a privately owned mall on private property, is not a

**ORAL ARGUMENT REQUESTED**

place of public accommodation; (3) plaintiffs failed to exhaust any applicable administrative remedies under 42 U.S.C §2000a prior to commencing this action; (4) plaintiffs can not satisfy the elements necessary to establish a prima facie case of discrimination under 42 U.S.C. §1981; (5) plaintiffs can not satisfy the elements necessary to establish a prima facie case of conspiracy to discriminate under 42 U.S.C. §§1985 and 1986; and, (6) there are no facts to support plaintiffs' claims that Westfield Shoppingtown Trumbull is liable to them for false imprisonment. For all of these reasons, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law.

In support of this motion, Westfield Shoppingtown Trumbull files the following: (1) a Rule 56(a) statement of material facts that Westfield Shoppingtown Trumbull submits are undisputed; (2) an Affidavit of Len Maenza, General Manager of Westfield Shoppingtown Trumbull at the time of the incident referenced in the plaintiffs' Amended Complaint; and, (3) a memorandum of law in support of Westfield Shoppingtown Trumbull's motion for summary judgment.

WHEREFORE, the defendant Westfield Shoppingtown Trumbull, respectfully requests that its motion be granted and that the Court enter an order of summary judgment in its favor.

THE DEFENDANT,
WESTFIELD SHOPPINGTOWN
TRUMBULL

Michael T. McCormack, ct13799
Tyler Cooper & Alcorn, LLP
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT 06103
Tel.: 860-725-6200/Fax: 860-278-3802
Email: mmccormack@tylercooper.com

## CERTIFICATION OF SERVICE

On June 15, 2004, I certify that a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** has been mailed via U.S. mail, postage prepaid, to the following of record:

Cynthia H. Hardaway, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ  07102

Louis N. George, Esq.
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT  06114

Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT  06473-0221

_____
Michael T. McCormack