THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. MYERS, *ET AL.* | |
| Plaintiffs, | |
| | CIVIL ACTION NO.: 3:03-CV-00373 (RNC) |
| V. | |
| TOWNSHIP OF TRUMBULL, *ET AL.* | |
| Defendants. | JUNE 15, 2004 |

### DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S LOCAL RULE 56(a)(1) STATEMENT

Pursuant to Local Rule 56, the Defendant Westfield Shoppingtown Trumbull (improperly identified as Westfield Shoppingtown) submits the following recitation of the undisputed material facts in support of its Motion for Summary Judgment against the plaintiffs, Richard A. Myers, Shernette Clark, Kenneth Bingham and Floyd McLean.

Westfield Shoppingtown Trumbull submits that there is no genuine issue to be tried as to each of the following facts:

1. This case is brought by four separate Plaintiffs against twenty-seven separate defendants, including Westfield Shoppingtown Trumbull (improperly identified in the Complaint as Westfield Shoppingtown) ("Trumbull Mall"). Plaintiffs' Amended Complaint filed on November 19, 2003, Docket No. 36; Defendant Westfield Shoppingtown Trumbull's Answer and Affirmative Defenses filed on June 10, 2003, Docket No. 18.

2. The remaining named defendants include the Township of Trumbull, the Trumbull Police Department, Officer Coppola, I.D. #24, Officer, I.D. # 35, Spectaguard, Michael (last name unknown). The plaintiffs have also sued the following unnamed defendants: John Does 1 through 10, Jane Does 1 through 10, and ABC Corp. through XYZ. Plaintiffs' Amended Complaint filed on November 19, 2003, Docket No. 36.

3. On July 31, 2001, at approximately 9:00 p.m., Plaintiffs went to the Trumbull Mall and this case arises from an alleged incident that occurred at the Trumbull Mall on that date. Amended Complaint ¶16.

4. The Trumbull Mall is owned and possessed by Trumbull Shopping Center, #2, LLC ("TSC"), a Delaware limited liability company that is registered to conduct business in Connecticut. Affidavit of Len Maenza at ¶5 ("Maenza Affidavit").

5. The Trumbull Mall is managed by Westfield Corporation, Inc. ("Westfield") Maenza Affidavit at ¶7.

6. While at the Trumbull Mall on July 31, 2001, plaintiffs Shernette Clark ("Clark") and Richard Myers ("Myers") went shopping at the *Lord & Taylor* store. Amended Complaint, ¶18; Deposition of Richard Myers ("Myers Depo.") at 31, excerpts attached as Exhibit A; Deposition of Shernette Clark ("Clark Depo.") at 32-34, excerpts attached as Exhibit B; Deposition of Kenneth Bingham ("Bingham Depo.") at 25, excerpts attached as Exhibit C; Deposition of Floyd McLean ("McLean Depo.") at 18, excerpts attached as Exhibit D.

7. While Clark and Myers shopped, plaintiffs Kenneth Bingham ("Bingham") and Floyd McLean ("McLean"), along with several other male friends, waited on a bench located in corridor outside the *Lord & Taylor* store. Amended Complaint, ¶18; Bingham Depo., Exh. C at 26-28; McLean Depo., Exh. D at 18.

8. While sitting on the bench outside the *Lord & Taylor* store, Bingham and McLean were flirting and interacting with female patrons of the Trumbull Mall who walked by Bingham and McLean. Bingham Depo., Exh. C, at 27-28; McLean Depo., Exh. D at 18-19.

9. While Clark and Myers were in *Lord & Taylor*, security guards approached Bingham, McLean and the other members of the group who were outside the *Lord & Taylor* store. Amended Complaint at ¶19; Bingham Depo., Exh. C, at 33-34; McLean Depo., Exh. D, at 19.

10. The security guards who approached the individuals outside of *Lord & Taylor* were employed by Spectaguard Acquisitions, LLC ("Spectaguard"). Maenza Affidavit at ¶10; Deposition of Michael Hokanson ("Hokanson Depo.") at 142-143, excerpts attached as Exhibit E.

11. The Spectaguard security guards had been called at approximately 9:12 p.m. to investigate a complaint made by an employee of a store in the Trumbull Mall about the conduct of the group outside *Lord & Taylor*. Hokanson Depo., Exh. E, at 14, 135-137; Westfield Shoppingtown Trumbull Security Report ("Security Report"), attached as Exhibit F.

12. As of July 31, 2001, Westfield had contracted with Spectaguard, pursuant to which contract Spectaguard agreed to provide shopping center security services at the Trumbull Mall. Maenza Affidavit at ¶19; Standard Contractor's Service Agreement ("the Agreement"), attached as Exhibit A to the Maenza Affidavit.

13. In the Agreement, Westfield and Spectaguard agreed that the relationship between Westfield and Spectaguard was that of an independent contractor. Agreement, Exh. A to Maenza Affidavit, at ¶17, p.5.

14. When the security guards arrived outside of the *Lord & Taylor* store, the group outside the store was loud and disruptive, and some members of the group outside *Lord & Taylor* began to use profanities. Bingham Depo., Exh. C, at 34-35; McLean Depo., Exh. D, at 36-37; Hokanson Depo., Exh. E, at 80; Security Report, Exhibit F.

15. Sometime during this exchange, Myers and Clark observed the Spectaguard security guards speaking with their friends and they approached the security guards to ask what was happening. Amended Complaint at ¶¶ 21-22; Clark Depo., Exh. B, at 35-36; Myers Depo., Exh. C, at 33-34.

16. As Myers and Clark approached the group, at least one member was "acting out," Myers Depo., Exh. A, at 85-86, and Myers and Clark immediately began to question the reason for the Spectaguard security guards' presence. Meyers Depo., Exh. A, at 86; Clark Depo., Exh. B, at 35-36.

17. After Clark and Myers rejoined their group and while the entire group was outside *Lord & Taylor*, several of the plaintiffs and their friends were using

profanities towards the Spectaguard security guards. Clark Depo., Exh. B, at 63-65; Myers Depo., Exh. A, at 35-36, 59; Bingham Depo., Exh. C, at 34-35; Hokanson Depo., Exh. E, at 140-141; Security Report, Exhibit F.

18. At some point during the exchange outside the *Lord & Taylor* store, the Spectaguard security guards asked plaintiffs and their friends to leave the Trumbull Mall. Amended Complaint at ¶¶ 20, 22; Myers Depo, Exh. A, at 35; Clark Depo., Exh. B, at 35-36; Bingham Depo., Exh. C, at 34-35; McLean Depo., Exh. D, pp. 19-21; Hokanson Depo., Exh. E, at 13, 92-93.

19. In response to the security guards' request, plaintiffs and their friends continued to be disruptive and began shouting profanities, including responding to the request to leave with the statement: "We ain't doing shit." Myers Depo., Exh. A, at 35-36, 85-86; Bingham Depo., Exh. C, at 34-35; McLean Depo., Exh. D, at 36-37; Hokanson Depo., Exh. E, at 80.

20. At no point during the dispute with the plaintiffs did the Spectaguard security guards use racial slurs or make inappropriate racially motivated comments, or have any physical contact with any plaintiff or any other member of the plaintiffs' group. Clark Depo., Exh. B, at 68, 82.

21. After Spectaguard security officers asked plaintiffs to leave the mall, plaintiffs Myers and Clark ignored the officers' request, and instead proceeded to go into another store. Myers Depo., Exh. A, at 34-35; 65, 83-84; Clark Depo., Exh. B, at pp. 35-36; Bingham Depo., Exh. C, at 34-35; McLean Depo., Exh. D, at 21-22.

22. After the plaintiffs disregarded the security guards request that the plaintiffs leave the mall, the Spectaguard security guards followed the plaintiffs' group, repeating their request that the plaintiffs leave the mall. Clark Depo., Exh. B, at 39-40; Myers Depo., Exh. A, at p. 37; Bingham Depo., Exh. C, at 34-35, 73-74.

23. The plaintiffs and their friends walked slowly throughout the mall and took a circuitous route in leaving the mall. Bingham Depo., Exh. C, at 78-79.

24. The Trumbull Mall had a set of rules of conduct that patrons were expected to abide by while shopping. These rules of conduct were in effect on and prior to July 31, 2001. Hokanson Depo., Exh. E, at 45-46.

25. The Spectaguard security guards gave the plaintiffs a card listing the rules of conduct of the Trumbull Mall on July 31, 2001. See Amended Complaint at ¶27; Myers Depo., Exh. A, at 37-38; Bingham Depo., Exh. C, at 75-76, 79-80.

26. After requesting that plaintiffs and their group exit the Trumbull Mall, the Spectaguard security guards informed the plaintiffs that they were using offensive language and making lewd and inappropriate remarks, and that they were in a large group that was disruptive of shopping center function, all of which were in violation of the Rules of Conduct. See Myers Depo., Exh. A, at 37-38, 73-74, 103.

27. Eventually, the plaintiffs and members of their entire group voluntarily exited the Trumbull Mall. Myers Depo., Exh. A, at 66-68, 110-111; Bingham Depo., Exh. C, at 78-79; Hokanson Depo., Exh. E, at 13, 108-112.

28. Upon exiting the Trumbull Mall, plaintiffs were met by police officers from the Trumbull Police Department. Clark Depo., Exh. B, at 41-42; Myers Depo., Exh. A, at 43; Bingham Depo., Exh. C at 39; McLean Depo., Exh. D at 23.

29. The Spectaguard security guards called the Trumbull Police Department after the plaintiffs and their group continued to be disruptive after being asked by security to leave the Trumbull Mall. Hokanson Depo., Exh. E, at 146-149.

30. Outside of the Trumbull Mall, the Trumbull police officers asked the plaintiffs and their friends to produce identification, to which request the plaintiffs complied. Amended Complaint at ¶25; Clark Depo., Exh. B, at 42-43; Bingham Depo., Exh. C, at 40-41; McLean Depo., Exh. D, at 23-24.

31. After the Trumbull police officers checked each plaintiff's identification, the police officers told the plaintiffs to leave the Trumbull Mall parking lot. Amended Complaint at ¶26; Clark Depo., Exh. B, at 48.

32. No employee from Westfield or TSC was present at any time while the plaintiffs and members of their group interacted with the Spectaguard security guards inside the Trumbull Mall. Myers Depo., Exh. A, at 104; Clark Depo., Exh. B, at 155; McLean Depo., Exh. D, at 54-55; Bingham Depo., Exh. C, at 97-99; Hokanson Depo., Exh. E, at 143; Maenza Affidavit at ¶15.

33. No agent or servant of Westfield or TSC was present at any time while the plaintiffs interacted with the Spectaguard security guards inside the Trumbull Mall. Maenza Affidavit at ¶15.

34. No employee of Westfield or TSC was present at any time while the plaintiffs interacted with the Trumbull police officers outside of the Trumbull Mall. Maenza Affidavit at ¶15.

35. No agent or servant of Westfield or TSC was present at any time while the plaintiffs interacted with the Trumbull police officers outside of the Trumbull Mall. Maenza Affidavit at ¶15.

36. After speaking with the plaintiffs' group, the Trumbull police officers left the Trumbull Mall at approximately 9:40 p.m. on July 31, 2001. Hokanson Depo., Exh. E, at 139-140.

37. The Trumbull Mall closed at 9:30 p.m. on July 31, 2001. Maenza Aff. at ¶14; Hokanson Depo., Exh. E, at 137.

38. Plaintiffs have no evidence to support their claim that Westfield Shoppingtown Trumbull conspired with the other defendants to deprive plaintiffs of their rights. Myers Depo., Exh. A, at 103-104; Clark Depo., Exh. B, at 116-117; Bingham Depo., Exh. C, at 99, 111-112; McLean Depo., Exh. D, at 77-80.

39. Plaintiffs did not sustain any physical injuries during any part of the incident at the Trumbull Mall. Clark Depo., Exh. B, at 49-50; Myers Depo., Exh. A, at 53; Bingham Depo., Exh. C, at 55; McLean Depo., Exh. D, at 28.

40. Plaintiffs have not suffered any monetary loss as a result of any part of the incident at the Trumbull Mall. Clark Depo., Exh. B, at 50; Myers Depo., Exh. A, at 53-54; Bingham Depo., Exh. C, at 55-56, 88; McLean Depo., Exh. D, at 28-29.

41. Plaintiffs have not sought any counseling or psychological treatment for the mental, psychological, and emotional injuries they claim to have suffered as a result of the incident at the Trumbull Mall. Clark Depo., Exh. B, at 50-51, 90; Myers Depo., Exh. A, at 52-53; Bingham Depo., Exh. C, at 89; McLean Depo., Exh. D, at 28.

42. Prior to the encounter with the Spectaguard security guards outside of *Lord & Taylor*, the plaintiffs had shopped and browsed at other stores in the Trumbull Mall. See Myers Depo., Exh. A, at 79, 81.

THE DEFENDANT,
WESTFIELD SHOPPINGTOWN
TRUMBULL.

Michael T. McCormack, ct13799
Elizabeth K. Andrews, ct20986
Tyler Cooper & Alcorn, LLP
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel.: (860) 725-6200
Fax: (860) 278-3802
Email: mmccormack@tylercooper.com

## CERTIFICATION OF SERVICE

On June 15, 2004, I certify that a true and correct copy of the foregoing was sent via U.S. mail, postage prepaid, to the following of record:

Cynthia H. Hardaway, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ 07102

Louis N. George, Esq.
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT 06114

Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT 06473-0221

_____
Michael T. McCormack