



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A. MYERS, ET AL
   Plaintiff

                           CIVIL ACTION NO:
                           3:03-CV-00373 (RNC)

VS.

TOWNSHIP OF TRUMBULL, ET AL
   Defendant                       APRIL 14, 2004

## DEFENDANT SPECTAGUARD OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION DATED FEBRUARY 9, 2004

The undersigned, on behalf of the Defendant Spectaguard Acquisitions, LLC, ("Spectaguard") hereby files its objections and responses to the plaintiffs' Interrogatories and Requests for Production dated February 9, 2004.

### INTERROGATORIES

1.    Please explain in detail that reason(s) why plaintiffs were required to leave the premises of the Westfield Shoppingtown Trumbull mall on the night of the incident that view rise to the instant complaint.

### OBJECTION

This interrogatory is overly broad and unduly burdensome as it requires the defendant to provide a complete and detailed narrative of all events that took place at or near the Westfield Shoppingtown Trumbull mall on July 31, 2001. Without waiving its objection to this interrogatory, Spectaguard Acquisitions, LLC, seemingly referenced

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

1

as "Defendant Spectaguard" indicates that the plaintiffs were asked to leave the mall due to conduct described in the statements of Stephanie Caldwell and Matthew Wilkins, and disruptive behavior including the loud use of profanity at security personnel when security personnel were called to the area.

2.  Please explain in detail the actions of plaintiffs that caused the named defendants to require said plaintiffs to leave the premises of the Westfield Shoppingtown Trumbull mall on the night of the incident that gives rise to the instant complaint.

**OBJECTION**

This interrogatory is overly broad and unduly burdensome in that it requires the defendant to provide a complete and detailed narrative to all events that took place at or near the Westfield Shoppingtown Trumbull mall on July 31, 2001. Without waiving its objection to this interrogatory, the defendant, Spectaguard, seemed to be Spectaguard Acquisitions, LLC, seemingly referenced as "Defendant Spectaguard" indicates that the plaintiffs were asked to leave the mall due to conduct described in the statements of Stephanie Caldwell and Matthew Wilkins, and disruptive behavior including the loud use of profanity at security personnel when security personnel were called to the area.

Not withstanding and without waiving it objection to this interrogatory, it should be noted that it is Defendant Spectaguard's contention that the plaintiffs were not

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

2

<u>required</u> to leave the mall but were requested to leave the mall due to their inappropriate and disruptive behavior. Defendant Spectaguard also references the attached statement and security incident reports.

3.  Please provide the exact location within the Westfield Shoppingtown Trumbull mall where plaintiffs acted in a manner that caused the name defendants to require said plaintiffs to leave the premises of the Westfield Shoppingtown Trumbull mall on the night of the incident that fives rise to the instant complaint.

**OBJECTION**

Without waiving its objection to this interrogatory, the defendant, Spectaguard, seemed to be Spectaguard Acquisitions, LLC, seemingly referenced as "Defendant Spectaguard" indicates that the plaintiffs were asked to leave the mall due to conduct described in the statements of Stephanie Caldwell and Matthew Wilkins, and disruptive behavior including the loud use of profanity at security personnel when security personnel were called to the area.

Not withstanding and without waiving it objection to this interrogatory, it should be further noted that it is Defendant Spectaguard's contention that the plaintiffs were not required to leave the mall but were requested to leave the mall due to their inappropriate and disruptive behavior. Defendant Spectaguard also references the attached statement and security incident reports.

The location within the mall was the benches/mall area between the stores then known as Gamestop and Feelings.

4.  Please indicate whether any of the actions of plaintiffs on the date of the

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

3

incident were recorded on any type of recording device, including but not limited to any surveillance videotapes. If the answer to this question is yes, please provide a copy of said videotape or recording.

**ANSWER**

Spectaguard Acquisitions, LLC seemingly referred to as Defendant Spectaguard is not aware of any videotapes or pictures depicted the plaintiffs' action on July 31, 2001.

5. Please indicate whether there were surveillance video cameras installed on the premises of the Westfield Shoppingtown Trumbull mall at the time of the incident. If the answer to this question is yes, please provide the exact location of each and every such surveillance video cameras.

**OBJECTION**

This interrogatory seeks information that is not relevant or material to the issues in the case, nor is it designed to lead to the discovery of admissible evidence. Further, it is overly broad and seeks alleged locations of surveillance cameras everywhere in the mall rather than specifically limited to some relevant location. Not withstanding and without waiving this objection, it is Spectaguard Acquisitions, LLC seemingly referred to as Defendant Spectaguard's understanding that there is only one video camera in the common areas of the Westfield Shoppingtown Mall near the food court.

6. Please indicate whether any incident reports whatsoever were prepared with

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue    P.O. Box 221    North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

4

respect to the incident at the time of the incident or any time thereafter. If the answer to this question is yes, please attach a copy of said report.

**ANSWER**

Yes. See attached security report and Trumbull Police report.

7. Please indicate who authored the "Courtesy Code" card that was given to plaintiffs at the time of the incident. Please attached a copy of said "Courtesy Code" card.

**OBJECTION**

This interrogatory seeks information which is not material or relevant to any issue in the case, and further, it is not designed to lead to the discovery of admissible evidence.

8. Please indicate whether the contents of the "Courtesy Code" card were adopted as the policy and procedure of the Westfield Shoppingtown Trumbull mall at the time of the incident.

**OBJECTION**

This interrogatory is overly broad, unduly burdensome and vague. Without waiving this objection, Spectaguard Acquisitions, LLC seemingly referred to as Defendant Spectaguard states that the management of the mall clearly reserves the right to revoke any consent to any patron's utilization of the mall for violation of any of the guidelines set forth in the courtesy code.

9. If it is contended that the plaintiffs violated any section of the "Courtesy

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

5

Code" card, please indicate in specific detail which section of the code was violated by plaintiffs.

**ANSWER**

See attached statement of witnesses Stephanie Caldwell and Matthew Wilkins.

10. Please indicate the actions taken by each of the name defendants to remove plaintiffs from the premises of the Westfield Shoppingtown Trumbull mall at the time of the incident.

**ANSWER**

The Defendant Spectaguard took no action to "remove" the plaintiffs from the premises of the Westfield Shoppingtown mall on the date and time of the incident. Rather, some or all of the plaintiffs were asked to leave the property due to disruptive behavior. No agent, servant or employee of Spectaguard took positive actions to force the plaintiffs to leave the mall other than to simply request that they leave due to the disruptive behavior. When the plaintiffs began to leave the mall, they were escorted through the food court and towards the exit by employees of Spectaguard, however, at no point did any employee of Spectaguard use force or indimate the plaintiffs leaving the mall as said employees were outnumbered. Spectaguard Acquisitions, LLC cannot answer for the co-defendants.

11. Please state in detail the conversation between any of the named defendants at

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue    P.O. Box 221    North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

6

the time of the incident concerning the removal of plaintiffs from the premises of the Westfield Shoppingtown Trumbull mall.

**ANSWER**

Once again, the Defendant Spectaguard took no action to "remove" the plaintiffs from the premises. Further, no conversations took place amongst the named defendants. There were conversations amongst security officers seeking backup as noted by Security Officer Torres in his investigative report and discussion with units from the Trumbull Police Department concerning what had taken place within the mall as noted in the attached report.

12.     Please indicate whether any civil lawsuits have been filed against any of the named defendants within the past 10 years alleging unlawful discrimination based on race, ethnicity, and/or national origin.

**OBJECTION**

This interrogatory is overly broad, unduly burdensome and seeks irrelevant information which is not material to any issue in this case. Further, the information sought is not likely to lead to the discovery of any admissible evidence, and therefore, it is outside the Federal Rule 26(b) scope of discovery.

13.     Please state the name and address of the individual(s) and the manner in which that individual(s) contacted members of the Trumbull police department in reference to the removal of plaintiffs from the mall at the time of the incident.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

7

**ANSWER**

Once again, Spectaguard Acquisitions, LLC seemingly referred to as Defendant Spectaguard did not take any action to "remove" the plaintiffs from the mall at the time of the incident. Spectaguard's employee, Fernando Torres, called the police as noted in the report due to the presence of eight (8) parties, five (5) of which were shouting various profanities when the call was made. Security Officer Fernando Torres contacted the police via radio call to the central Spectaguard office seeking to contact the Trumbull Police Department.

14. Please indicate whether to your knowledge, or the knowledge of your attorney, any individuals have given any statement concerning the subject matter of the plaintiffs' complaint. If any such statements exist, please attached.

**OBJECTION**

Spectaguard Acquisitions, LLC seemingly referred to as the Defendant Spectaguard objects to this interrogatory on the basis that it seeks information protected either by the work product doctrine or by the attorney/client privilege. Further, this interrogatory is objected to on the basis that it seeks information prepared in anticipation of litigation and for trial. Without waiving any of these

objections to the interrogatories and production request, Defendant Spectaguard indicates that statement were made by Stephanie Caldwell, an employee of Feelings on July 31, 2001, and by Matthew Wilkins, an employee of Gamestop on July 31, 2001. Both

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

8

statements were made in writing and are attached to the plaintiff's first production request.

15. Please indicate the full name of Officer Coppola referenced in plaintiffs' complaint.

**ANSWER**

Unknown.

16. Please indicate the full name of Officer I.D. #35 referenced in plaintiffs' complaint.

**ANSWER**

Unknown.

17. Please indicate the full name of defendant Spectaguard employee Michael (LNU) referenced in plaintiffs' complaint.

**ANSWER**

Unknown for certain, however, Spectaguard Acquisitions, LLC seemingly referred to as Defendant Spectaguard will indicate that it did have an employee named Michael Hokanson, but cannot indicate that this is the individual requested by the plaintiffs.

18. Please state in detail any and all policy and procedures of defendant Westfield Shoppingtown Trumbull Mall with respect to the behavior and conduct of its patrons.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

9

**OBJECTION**

This interrogatory is vague, overly broad and unduly burdensome for Spectaguard to respond to, as it seeks Westfield's policies. Beyond this, this interrogatory seeks information which is not relevant or material to any issue in the case which is not likely to lead to the discovery of admissible evidence. Therefore, this interrogatory seeks the scope of discovery contemplated by Federal Rule of Civil Procedure 26(b).

19. Please indicate whether these policies and procedures, if any, were displayed for viewing by patrons of the Westfield Shoppingtown Trumbull Mall at the time of the incident referenced in plaintiffs' complaint.

**OBJECTION**

This interrogatory is vague, overly broad and unduly burdensome for Spectaguard to respond to, as it seeks Westfield's policies. Beyond this, this interrogatory seeks information which is not relevant or material to any issue in the case which is not likely to lead to the discovery of admissible evidence. Therefore, this interrogatory seeks the scope of discovery contemplated by Federal Rule of Civil Procedure 26(b).

20. Please indicate whether the Westfield Shoppingtown Trumbull Mall compiles any date with respect to the racial composition of its patrons. If so, please attach any and all such data for the years from 1999 to the present.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

10

**ANSWER**

Unknown as to control of others, but Defendant Spectaguard does not compile any such data.

21. Please explain in full detail the employment relationship between the defendant Westfield Shoppingtown Trumbull Mall and defendant Spectaguard, including but not limited to the durations of such employment relationship.

**ANSWER**

There is no employment relationship between defendant Westfield Shoppingtown Trumbull Mall and defendant Spectaguard. There is a contractual arrangement between Westfield Corporation, Inc. and Spectaguard Acquisition LLC for the performance of shopping center security services at Westfield Shoppingtown Trumbull.

22. Please state the names, addresses, and telephone numbers of any witnesses to the events that form the basis of plaintiffs' complaint.

**ANSWER**

Upon defendant Spectaguard's information and belief:

1. Stephanie Caldwell
   FEELINGS (former employer)
   Westfield Shoppingtown
   5065 Main Street
   Trumbull, CT 06611

2. Matthew Wilkins
   Westfield Shopping town
   5065 Main Street
   Trumbull, CT 06611

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

11

23. Please explain in detail the training, if any, that police officers received during the course of their employment with the Trumbull Police Department with respect to "racial profiling" and/or "bias sensitivity." If there are any documents used by the Trumbull Police Department in reference to said training, please attach.

**ANSWER**

Defendant Spectaguard has no information concerning the training of the Trumbull Police Department and this interrogatory is clearly irrelevant to this defendant.

24. Please provide the names and addresses of any individual(s) who registered any complaints of any nature against plaintiffs on the day of the incident while plaintiffs were inside of the Mall.

**ANSWER**

See attached statements of Stephanie Caldwell and Matthew Wilkins. Upon information and belief, Mr. Wilkins resides at 61 Taylor Avenue, Bethel, Connecticut. It's Spectaguard's best understanding that Stephanie Caldwell is a current resident in the State of Texas.

25. Please provide in detail the nature of any complaints referred to in Interrogatory # 24. If said complaints were made in writing, please attach a copy of said complaint.

**ANSWER**

See attached statements.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue    P.O. Box 221    North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

12

## PLAINTIFFS' REQUEST FOR DOCUMENT PRODUCTION

1.   Please provide any materials that pertain to the incident alleged in plaintiffs' complaint, including but not limited to:

**OBJECTION**

This production request is overly broad, unduly burdensome, totally vague, seeks documents which are protected by attorney work product doctrine and/or attorney client privilege, as well as documents prepared in anticipation of litigation and trial Without waiving any of these objections to this production request, defendant Spectaguard produces the following documents in response to this production request:

    a. Westfield Shoppingtown Trumbull security report 0-1-316 as well as supplementary material attached to same;

    b. Trumbull Police Department case report #1-8144

    c. Statement of Stephanie Caldwell

    d. Statement of Matthew Wilkins

2.   Any contractual agreements between defendant Westfield Shoppingtown Trumbull Mall and defendant Spectaguard.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

13

**OBJECTION**

This production request is fatally vague, overly broad and seeks irrelevant and material documents. Further, this production request is not designed to lead to discovery of admissible evidence. Not withstand and without waiving this objection, this production request, Spectaguard states that there is no contract between Westfield Shoppingtown Trumbull and "Spectaguard" on July 31, 2001. Spectaguard Acquisition LLC hereby produces a contract with Westfield Corporation which was not in effect for delivery of security services at the time of this incident.

3. Please provide a diagram of the layout of Westfield Shoppingtown Trumbull Mall, including but not limited to each floor, the various entrances and exits to the Mall, and the parking lot area.

**OBJECTION**

Once again, this production request is overly broad, unduly burdensome, vague, and seeks irrelevant or immaterial documents to this case. Further, it is not reasonably designed to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, Spectaguard refers the plaintiffs to the diagram attached to the Westfield Shoppingtown Trumbull security report and request # 1.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

14

THE DEFENDANT
SPECTAGUARD ACQUISITION

BY /s/ *signature*
ROBERT J. FLANAGAN, JR.
CELLA, FLANAGAN & WEBER
21 Washington Avenue
North Haven, CT 06473
Tel. (203) 239-5851
Federal Bar No. 18549

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

15

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage pre-paid, to all counsel and pro se parties of record.

Cynthia H. Hardaway, Esq.
Raymond E. Hamlin, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ 07102

Michael T. McCormack, Esq.
Patricia E. Reilly, Esq.
Tyler, Cooper & Alcorn, LLP
185 Asylum Street
CityPlace I
35th Floor
Hartford, CT 06103-3802

Louis N. George, Esq.
Michelle D. Killion, Esq.
Hassett & George
555 Franklin Avenue
Hartford, CT 06114

_____
ROBERT J. FLANAGAN, JR.

Cella, Flanagan & Weber, P.C.
ATTORNEYS AND COUNSELORS AT LAW
21 Washington Avenue   P.O. Box 221   North Haven, CT 06473-0221
TEL 203-239-5851 FAX 203-234-2974

16