THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. MYERS, *ET AL.* | |
| Plaintiffs, | |
| | CIVIL ACTION NO.: 3:03-CV-00373 (RNC) |
| V. | |
| TOWNSHIP OF TRUMBULL, *ET AL.* | |
| Defendants. | AUGUST 17, 2004 |

**DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S MOTION TO STRIKE EXHIBITS SUBMITTED BY PLAINTIFFS IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant Westfield Shoppingtown Trumbull hereby moves to strike Exhibits A through F and Exhibit L attached to Plaintiffs' Local Rule 56(a)(2) Statement filed in response to Westfield Shoppingtown Trumbull's Motion for Summary Judgment dated June 15, 2004. As set forth herein and in the memorandum of law filed in support of this motion, plaintiff has not demonstrated that each of the aforementioned exhibits would be admissible at trial. Therefore, under Rule 56 of Federal Rules of Civil Procedure, the exhibits may not be used to oppose Westfield Shoppingtown Trumbull's motion for summary judgment.

The Court should strike the plaintiffs' exhibits for the following reasons:

1. Exhibit A consists of excerpts of the deposition of Michael Hokanson, an employee of Spectaguard at the time of the alleged incident giving rise to plaintiffs' claims. The deposition of Michael Hokanson is not admissible against

**ORAL ARGUMENT REQUESTED**

1

Westfield Shoppingtown Trumbull under Rule 32 of the Federal Rules of Civil Procedure. It is a hearsay statement that is precluded under Rules 801 and 802 of the Federal Rules of Evidence.

2. Exhibits B through E consist of excerpts from each of the transcripts of the plaintiffs' depositions. None of the plaintiffs' depositions are admissible against Westfield Shoppingtown Trumbull under Rule 32 of the Federal Rules of Civil Procedure. The depositions are also hearsay statements that are precluded under Rules 801 and 802 of the Federal Rules of Evidence.

3. Plaintiff has not provided any foundational evidence that would permit Exhibit F to be admissible at trial. The document attached as Exhibit F is hearsay and the plaintiff has not produced any evidence from which this Court can conclude that the statement would be admissible at trial. Fed. R. Evid. 802; Fed. R. Evid. 901. Thus, it may not be used to oppose Westfield Shoppingtown Trumbull's motion for summary judgment. Fed. R. Civ. P. 56(e).

4. Exhibit L contains letters that are hearsay and that are not admissible at trial. Fed. R. Evid. 802. As such, plaintiffs may not use these letters to oppose Westfield Shoppingtown Trumbull's motion for summary judgment. Fed. R. Civ. P. 56(e).

WHEREFORE, the defendant Westfield Shoppingtown Trumbull respectfully requests that the Court grant this Motion to Strike and that the Court strike Exhibits A through F and Exhibit L attached to the Plaintiff's Local Rule 56(a)(2) Statement. Westfield Shoppingtown Trumbull further requests that such

exhibits not be relied upon by the Court in considering plaintiff's opposition to Westfield Shoppingtown Trumbull's motion for summary judgment.

THE DEFENDANT,
WESTFIELD SHOPPINGTOWN
TRUMBULL

*[signature]*

Michael T. McCormack, ct13799
Elizabeth K. Andrews, ct20986
Tyler Cooper & Alcorn, LLP
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel.: (860) 725-6200
Fax: (860) 278-3802
Email: mmccormack@tylercooper.com

## CERTIFICATION OF SERVICE

On August 17, 2004, I certify that a true and correct copy of the foregoing **MOTION TO STRIKE** was sent via U.S. mail, postage prepaid, to the following of record:

Cynthia H. Hardaway, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ 07102

Louis N. George, Esq.
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT 06114

Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT 06473-0221

_____
Michael T. McCormack