THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A. MYERS, *ET AL.*

    Plaintiffs,

CIVIL ACTION NO.: 3:03-CV-00373 (RNC)

V.

TOWNSHIP OF TRUMBULL, *ET AL.*

    Defendants.

AUGUST 17, 2004

**DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE EXHIBITS SUBMITTED BY PLAINTIFFS IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I    INTRODUCTION**

The defendant Westfield Shoppingtown Trumbull hereby submits this memorandum of law in support of its motion to strike Exhibits A through F and Exhibit L attached to Plaintiffs' Local Rule 56(a)(2) Statement filed in response to Westfield Shoppingtown Trumbull's Motion for Summary Judgment dated June 15, 2004. As set forth herein, plaintiff has not demonstrated that each of the aforementioned exhibits would be admissible at trial. Therefore, under Rule 56 of Federal Rules of Civil Procedure, the exhibits may not be used to oppose Westfield Shoppingtown Trumbull's motion for summary judgment.

**II.    LAW AND ARGUMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Once a

1

party moving for summary judgment has shown that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 at 323-24 (1986). Such evidence may be presented in the form of affidavits which, when used, "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Inadmissible hearsay evidence may not be used to oppose a motion for summary judgment and the Court need not consider such inadmissible hearsay evidence absent a showing that admissible evidence will be available at trial. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d 919, 924 (2d. Cir. 1985).

    1.    **The Deposition Transcript of Michael Hokanson Is Inadmissible Hearsay**

Plaintiffs attach as Exhibit A to their Local Rule 56(a)(2) Statement a copy of excerpts of the deposition testimony of Michael Hokanson.[1] Michael Hokanson's transcript is hearsay evidence that is not admissible at trial. In particular, it is not admissible under Rule 32 of the Federal Rules of Civil Procedure. Mr. Hokanson is not an officer, director, or managing agent of Westfield Shoppingtown Trumbull and, therefore, his deposition may not be used under Rule 32(a)(2) or any other provision of Rule 32. Additionally, it is not admissible under Rule 804(b) of the Federal Rules of Evidence because plaintiffs have not shown that Mr. Hokanson is unavailable. Thus, the transcript constitutes hearsay that is not admissible under Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. 801, 802. Accordingly, plaintiffs may not

---

[1] Plaintiffs did not serve on counsel for Westfield Shoppingtown the portions of the depositions transcripts that they submitted as Exhibits A through E.

2

rely upon the deposition transcript to oppose Westfield Shoppingtown Trumbull's motion for summary judgment and the Court should not consider such transcript when ruling on the defendant's motion and the plaintiff's opposition to the motion. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924.

### 2. The Deposition Transcript of Kenneth Bingham Is Inadmissible Hearsay

Plaintiffs attach as Exhibit B to their Local Rule 56(a)(2) Statement a copy of excerpts of the deposition testimony of Kenneth Bingham. The plaintiff Bingham's transcript, when offered by the plaintiffs, is hearsay evidence that is not admissible at trial. In particular, it is not admissible under Rule 32 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 32. Additionally, it is not admissible under Rule 804 of the Federal Rules of Evidence. Thus, the transcript constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. 801, 802. Accordingly, plaintiffs may not rely upon the deposition transcript of Kenneth Bingham to oppose Westfield Shoppingtown Trumbull's motion for summary judgment and the Court should not consider such transcript when ruling on the defendant's motion and the plaintiff's opposition to the motion. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924.

### 3. The Deposition Transcript of Floyd McLean Is Inadmissible Hearsay

Plaintiffs attach as Exhibit C to their Local Rule 56(a)(2) Statement a copy of excerpts of the deposition testimony of Floyd McLean. The plaintiff McLean's transcript, when offered by the plaintiffs, is hearsay evidence that is not admissible at

3

trial. In particular, it is not admissible under Rule 32 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 32. Additionally, the transcript is not admissible under Rule 804 of the Federal Rules of Evidence. Thus, the transcript constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. 801, 802. Accordingly, plaintiffs may not rely upon the deposition transcript of Floyd McLean to oppose Westfield Shoppingtown Trumbull's motion for summary judgment and the Court should not consider such transcript when ruling on the defendant's motion and the plaintiff's opposition to the motion. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924.

### 4. The Deposition Transcript of Shernette Clark Is Inadmissible Hearsay

Plaintiffs attach as Exhibit D to their Local Rule 56(a)(2) Statement a copy of excerpts of the deposition testimony of Shernette Clark. The plaintiff Clark's transcript, when offered by the plaintiffs, is hearsay evidence that is not admissible at trial. In particular, it is not admissible under Rule 32 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 32. Additionally, the transcript is not admissible under Rule 804 of the Federal Rules of Evidence. Thus, the transcript constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. 801, 802. Accordingly, plaintiffs may not rely upon the deposition transcript of Shernette Clark to oppose Westfield Shoppingtown Trumbull's motion for summary judgment and the Court should not consider such transcript when ruling on the defendant's motion and the plaintiff's opposition to the motion. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924.

### 4. The Deposition Transcript of Richard Myers Is Inadmissible Hearsay

Plaintiffs attach as Exhibit E to their Local Rule 56(a)(2) Statement a copy of excerpts of the deposition testimony of Richard Myers. The plaintiff Myers' transcript, when offered by the plaintiffs, is hearsay evidence that is not admissible at trial. In particular, it is not admissible under Rule 32 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 32. Additionally, the transcript is not admissible under Rule 804 of the Federal Rules of Evidence. Thus, the transcript constitutes inadmissible hearsay under Rule 802 of the Federal Rules of Evidence. Fed. R. Evid. 801, 802. Accordingly, plaintiffs may not rely upon the deposition transcript of Richard Myers to oppose Westfield Shoppingtown Trumbull's motion for summary judgment and the Court should not consider such transcript when ruling on the defendant's motion and the plaintiff's opposition to the motion. *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924.

### 5. Exhibit F is Inadmissible Hearsay

Plaintiffs attach as Exhibit F a "Notice" upon which plaintiffs purport to rely for their claim that the codefendant Spectaguard Acquisition LLC was an agent of Westfield Shoppingtown Trumbull when the alleged incident took place. The document by itself is not a form of evidence upon which an opposition to a motion for summary judgment may be based. *See* Fed. R. Civ. P. 56(e). Plaintiffs provide no foundational evidence from which this Court can conclude that this document would be admissible at trial. Plaintiffs have not provided any evidence to authenticate the document upon which it relies. *See* Fed. R. Evid. 901. Specifically, the plaintiffs have not provided any evidence as to who created the document and when it was

5

created. In fact, plaintiffs acknowledge that the document attached as Exhibit F was not the document in effect at the time of the alleged incident on July 31, 2001. *See* Plaintiff's Local Rule 56(a)(2) Statement, p. 14 at ¶24.

Plaintiffs have also not provided any foundation as to the identity of the "Security Department" and "Security Officers" that is referenced in the notice. As plaintiffs are aware from discovery in this case, Spectaguard is not the only company that has provided security services at the Trumbull Mall. Absent foundational evidence upon which the document submitted as exhibit F could be admitted at trial, Exhibit F is inadmissible hearsay that may not be used to oppose Westfield Shoppingtown Trumbull's motion for summary judgment. Fed. R. Evid. 801, 802; *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924. Accordingly, the Court should not consider Exhibit F for purposes of ruling on the plaintiffs' opposition to Westfield Shoppingtown Trumbull's motion for summary judgment.

### 6. Exhibit L Contains Inadmissible Hearsay

Plaintiffs attach as Exhibit L a letter dated June 28, 2004 signed by plaintiffs' counsel and an unsigned letter dated November 8, 2001 purportedly prepared and sent by plaintiff's counsel. Both of these letters constitute inadmissible hearsay and, therefore, such letters would not be admissible at trial. Fed. R. Evid. 801, 802. As a result, plaintiffs may not rely upon the letters in order to oppose Westfield Shoppingtown Trumbull's motion for summary judgment. Fed. R. Evid. 801, 802; *Burlington Coat Factory Warehouse Corporation v. Espirit De Corp.*, 769 F.2d at 924. Accordingly, the Court should not consider Exhibit L for purposes of ruling on

the plaintiffs' opposition to Westfield Shoppingtown Trumbull's motion for summary judgment.

### III.    CONCLUSION

For the foregoing reasons, the defendant Westfield Shoppingtown Trumbull respectfully submits that its motion to strike plaintiffs' exhibits A through F and Exhibit L should be granted and the Court should enter an order striking exhibits A through F and Exhibit L from plaintiffs' Local Rule 56(a)(2) Statement.

<div style="margin-left: 40%;">

THE DEFENDANT,
WESTFIELD SHOPPINGTOWN
TRUMBULL

_____
Michael T. McCormack, ct13799
Elizabeth K. Andrews, ct20986
Tyler Cooper & Alcorn, LLP
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel.: (860) 725-6200
Fax: (860) 278-3802
Email: mmccormack@tylercooper.com

</div>

7

## CERTIFICATION OF SERVICE

On August 17, 2004, I certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE** was sent via U.S. mail, postage prepaid, to the following of record:

Cynthia H. Hardaway, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ 07102

Louis N. George, Esq.
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT 06114

Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT 06473-0221

_____
Michael McCormack