THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A. MYERS, *ET AL.*

    Plaintiffs,

CIVIL ACTION NO.: 3:03-CV-00373 (RNC)

V.

TOWNSHIP OF TRUMBULL, *ET AL.*

    Defendants.

AUGUST 17, 2004

**DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

**I.**     **INTRODUCTION**

The defendant, Westfield Shoppingtown Trumbull hereby submits this reply memorandum in response to plaintiffs' objection to Westfield Shoppingtown Trumbull's motion for summary judgment dated June 15, 2004. For the reasons set forth in Westfield Shoppingtown Trumbull's June 15, 2004 motion and memorandum of law filed in support of its motion for summary judgment, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law. Plaintiffs' objection to Westfield Shoppingtown Trumbull's motion should be overruled for the following reasons: (1) plaintiffs' objection is untimely and should not be considered because it was not filed on or before July 26, 2004, the deadline by which the plaintiffs were obligated to respond to Westfield Shoppingtown Trumbull's motion for summary judgment; (2) the plaintiffs have not submitted any admissible evidence that creates an issue of material fact as to the issues for which Westfield Shoppingtown Trumbull seeks

summary judgment; and, (3) all of the plaintiffs' claims involve claims of alleged intentional torts by the codefendants for which Westfield Shoppingtown Trumbull can not be held liable under the doctrine of respondeat superior. Plaintiffs have submitted no evidence to show that through the alleged conduct, the defendants were acting as agents of Westfield Shoppingtown Trumbull and were furthering the interests of Westfield Shoppingtown Trumbull.

## II.   ARGUMENT

### A. Plaintiffs' Opposition to Westfield Shoppingtown Trumbull's Motion for Summary Judgment Is Untimely

As a preliminary matter, the Court should not consider plaintiffs' Local Rule 56(a)(2) Statement or plaintiffs' Memorandum in Opposition to Motion for Summary Judgment because neither pleading was filed within the time which the plaintiffs were required to respond to the defendant's motion. Pursuant to the Court's ruling on plaintiffs' motion for enlargement of time to file their response to the defendants' motions, the plaintiffs were required to file their response by July 26, 2004. *See* Docket No. 86. Plaintiffs' Local Rule 56(a)(2) Statement and Memorandum of Law in Opposition to Motion for Summary Judgment are dated July 26, 2004, and plaintiffs' counsel certified that the pleadings were served on counsel on July 26, 2004. It is undisputed, however, that the pleadings were not filed with the Court until July 28, 2004. *See* Docket No. 89. It is also undisputed that, despite certifying that the pleadings were mailed on July 26, 2004, plaintiffs' counsel did not mail the responsive pleadings until July 28, 2004, two days after the date on which they were required to be filed. *See* Exhibit A attached to Affidavit of Michael T. McCormack, Esq.

Because plaintiffs did not file their response to the defendants' motions for summary judgment within the time the Court ordered them to do so, plaintiffs' response is untimely and should not be considered. Defendant Westfield Shoppingtown Trumbull's motion for summary judgment, therefore, should be granted.

### B. Plaintiffs Have Not Submitted Any Admissible Evidence That Raises a Genuine Issue of a Material Fact As to Westfield Shoppingtown's Liability

Plaintiffs have not submitted any admissible evidence to refute the material statements of fact that Westfield Shoppingtown Trumbull submits are undisputed. In response to Westfield Shoppingtown Trumbull's motion for summary judgment, plaintiffs submitted the transcripts from their own depositions. See Exhibits B through E to Plaintiffs' Local Rule 56(a)(2) Statement. Plaintiffs also submitted the transcript of Michael Hokanson, an employee of Spectaguard Acquisitions LLC. See Exhibit A to Plaintiffs' Local Rule 56(a)(2) Statement. Clearly, these transcripts, when submitted by the plaintiffs, are self-serving hearsay statements that would not be admissible at trial. Fed.R.Evid. 801, 802; Fed. R. Civ. p. 32. Because the self-serving hearsay statements would not be admissible at trial, they may not be used as evidence to refute Westfield Shoppingtown Trubmull's Motion for Summary Judgment. Fed.R.Civ. ¶56(c)(e).

Plaintiffs also submitted as Exhibit F an unauthenticated document entitled "NOTICE" that plaintiffs assume was the Trumbull Shopping Park Rules of Conduct. Plaintiffs, however, provide no foundational evidence from which this document can be admitted as evidence for purposes of a motion for summary judgment. Plaintiffs

3

have not shown who or when the document was created, nor have they established any facts to show that the document is not hearsay. In fact, plaintiffs acknowledge that Exhibit F was not in effect at the time of the alleged incident on July 31, 2001. *See* Plaintiffs' Rule 56(a)(2) Statement at p. 14, ¶24. Thus, Exhibit F cannot be considered by this Court in ruling on Westfield Shoppingtown Trumbull's motion for summary judgment. Fed.R.Civ. p. 56(e).

Additionally, Exhibits G through K and M through N of Plaintiffs' Local Rule 56(a)(2) Statement have no bearing on the issues concerning whether Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law. Thus, they do not raise any genuine issues of material facts for purposes of Westfield Shoppingtown Trumbull's motion for summary judgment.

Finally, Exhibit O, a copy of plaintiff's Amended Complaint, does not contain any evidence upon which this Court can rely for purposes of ruling on Westfield Shoppingtown Trumbull's motion for summary judgment. *See* Fed. R. Civ. p. 56(e).

None of the admissible exhibits plaintiffs submitted in response to Westfield Shoppingtown Trumbull's motion for summary judgment to create a genuine issue of material fact. Accordingly, Westfield Shoppingtown Trumbull's motion for summary judgment should be granted.

### C. Westfield Can Not Be Held Liable Under the Doctrine of Respondeat Superior for the Alleged Conduct of the Codefendants

Plaintiffs do not dispute that they seek to impose liability on Westfield Shoppingtown Trumbull under the doctrine of respondeat superior. Plaintiffs also do not dispute that the Trumbull Mall is managed by Westfield Corporation Inc., *see* Westfield Shoppingtown Trumbull's Local Rule 56(a)(1) Statement ¶ 5; Plaintiffs'

Local Rule 56(a)(2) Statement, p. 10, ¶5, and that the Trumbull Mall is owned and possessed by Trumbull Shopping Center, # 2, LLC. *See* Westfield Shoppingtown Trumbull's Local Rule 56(a)(1) Statement ¶ 4; Plaintiffs' Local Rule 56(a)(2) Statement, p. 10, ¶4. Finally, it is undisputed that no employee of Westfield Corporation, Inc. or Trumbull Shopping Center, #2, LLC was present at the time of the alleged incident on July 31, 2001. *See* Westfield Shoppingtown Trumbull's Local Rule 56(a)(1) Statement ¶¶32, 34; Plaintiffs' Local Rule 56(a)(2) Statement, p. 15, ¶¶32, 34. Based on these undisputed facts, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law.

Westfield Corporation, Inc. hired Spectaguard Acquisition, LLC as an independent contractor to provide security services at the Trumbull Mall. Given the independent contractor relationship between Westfield Corporation, Inc. and Spectaguard, the defendant Westfield Shoppingtown Trumbull cannot be held liable for alleged conduct of Spectaguard Acquisition LLC. *See* Westfield Shoppingtown Trumbull's Memorandum of Law in Support of Motion for Summary Judgment at pp. 8 to 15.

The document attached as Exhibit F to Plaintiffs' Local Rule 56(a)(2) Statement is not sufficient to create an issue of fact in support of the plaintiffs' claim that Spectaguard acted as an agent of the defendant because it is not admissible under Rule 56(e). Plaintiffs have not authenticated the hearsay document. The plaintiffs have not presented any evidence that the document qualifies as a business record of the defendant, nor have they established that the document was in effect at the time of

the alleged incident on July 31, 2001. In fact, they acknowledge that it was not in effect on July 31, 2001.

Plaintiffs' reliance on the language in Exhibit F that "the security department and security officers are empowered to enforce these policies as agents of the property owners" is also misplaced. The document does not identify the security departments and security officers to which the document refers. Additionally, the document identifies the purported "agents" as "agents of the property owners." The property owners, however, are not a defendant in this case. Although they have been on notice of the relationship between the defendant, the property manager, and the property owners for more than one year, the plaintiffs never asserted a claim against the property manager or property owners. The plaintiffs cannot rely on Exhibit F as a basis to impose liability on Westfield Shoppingtown Trumbull.

Finally, Exhibit F clearly states that the security department and security officers to whom reference is made are agents of the property owners for the limited purpose of enforcing the policies set forth in the document. There is no grant of general authority to the purported agents. The causes of action for which the plaintiffs seek to impose liability on Westfield Shoppingtown Trumbull involve intentional torts allegedly committed by the Spectaguard employees and Town of Trumbull police officers for which Westfield Shoppingtown Trumbull cannot be held liable under the doctrine of respondeat superior. The law in Connecticut is clear: even when a principal – agent relationship is found to exist, the principal is not liable for the intentional torts of the agent unless there are facts showing that the agent was furthering the interests of the principal at the time of the intentional conduct. *A-G*

*Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 208 (1990). Thus, even assuming the plaintiffs establish an agency relationship, the plaintiffs have produced no evidence from which it can be said that the purported agent of Westfield Shoppingtown Trumbull was furthering the interests of the defendant when it engaged in the alleged intentional torts. Thus, Westfield Shoppingtown is entitled to judgment as a matter of law. *See A-G Foods, Inc.*, 216 Conn. at 209 (1990).

Plaintiffs have submitted no admissible evidence from which this Court can conclude that a genuine issue of fact exists with respect to Westfield Shoppingtown Trumbull's liability under the doctrine of respondeat superior. As a matter of law, Westfield Shoppingtown Trumbull cannot be held vicariously liable for the alleged conduct of Spectaguard Acquisitions, LLC. Accordingly, summary judgment should enter in favor of Westfield Shoppingtown Trumbull.

### D. Westfield Shoppingtown Trumbull Can Not Be Held Liable Under 42 U.S.C. §2000a.

#### 1.    The Trumbull mall is not a Covered Entity

The Trumbull Mall is not a covered entity subject to 42 U.S.C. §2000a and, therefore, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law on plaintiffs' denial of access to public accommodation claims. Plaintiffs rely upon Halton v. Great Clips, Inc., 94 F.Supp.2d 856 (N.D. Oh. 2000), for the proposition that the Trumbull Mall qualifies as a place of public accommodation governed by 42 U.S.C. §2000a. The Halton court, however, stated that a covered entity under 42 U.S.C. §2000a does not include an entire shopping center or mall. Halton, 94 F.Supp.2d at 863. See also Westfield Shoppingtown's Memorandum in Support of Motion for Summary Judgment at pp. 15-19. Nothing in the language of

the statute evidences an intent on the part of Congress to have an entire shopping center or shopping mall qualify as a covered entity under the statute. Accordingly, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law.

### 2. Plaintiffs Failed to Exhaust Their Administrative Remedies

Even if the Trumbull Mall is a covered entity subject to 42 U.S.C. §2000a, plaintiffs have provided this Court with no admissible evidence that shows that they exhausted their administrative remedies under the statute prior to filing this action.

In an attempt to circumvent the plaintiffs' lack of evidence that they exhausted their administrative remedies, counsel attaches a letter dated June 28, 2004 addressed to the Commission of Human Rights and Opportunities in Bridgeport, Connecticut, and an unsigned copy of a letter that plaintiffs claim was sent on November 8, 2001. None of these hearsay documents are evidence that the plaintiffs exhausted their administrative remedies prior to filing this lawsuit.

First, the purported notice is unsigned and it does not identify the Trumbull Mall; it merely references the "Westfield Mall" without giving a location. The alleged letter also does not identify Shernette Clark as a potential plaintiff. There is also no evidence that the CHRO made a final determination on plaintiffs' claims.

Finally, the Domestic Return Receipt plaintiffs submit as evidence that the letter dated June 28, 2004 was sent to the CHRO is not sufficient evidence to create a genuine issue of material fact. The top portion of the exhibit is that portion of a certified mail card addressed to the Commission on Human Rights and Opportunities in Bridgeport, Connecticut. The bottom portion appears to be submitted as evidence that the CHRO in Bridgeport received the June 28, 2004 letter from plaintiffs'

counsel. Neither document was signed by the CHRO, thus evidencing receipt of the document. Moreover, the Article Number for the card allegedly addressed to the CHRO in Bridgeport is 7003 1010 0003 4598 4737. A search of this article number on the United States Postal Service website revealed that this article number relates to an article that was accepted on June 30, 2004 in East Orange, New Jersey. *See* Affidavit of Michael T. McCormack. Plaintiffs have not submitted any evidence that shows they exhausted their administrative remedies under 42 U.S.C. §2000a. In sum, the documents that plaintiffs' submit as Exhibit L are of no relevance to the issues in this case and, therefore, they should not be considered as evidence that creates a material issue of fact as to the claims for which Westfield Shoppingtown Trumbull seeks motion for summary judgment.

### III.    CONCLUSION

For the reasons set forth herein and the reasons set forth in Westfield Shoppingtown Trumbull's memorandum of law dated June 15, 2004 filed in support of its motion for summary judgment, Westfield Shoppingtown Trumbull is entitled to judgment as a matter of law as to all counts against Westfield Shoppingtown Trumbull.

THE DEFENDANT,
WESTFIELD SHOPPINGTOWN
TRUMBULL

_____
Michael T. McCormack, ct13799
Elizabeth K. Andrews, ct20986
Tyler Cooper & Alcorn, LLP
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel.: (860) 725-6200
Fax: (860) 278-3802
Email: mmccormack@tylercooper.com

**CERTIFICATION OF SERVICE**

On August 17, 2004 I certify that a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was sent via U.S. mail, postage prepaid, to the following of record:

Cynthia H. Hardaway, Esq.
Hunt, Hamlin & Ridley
Military Park Building
60 Park Place, Suite 1602
Newark, NJ  07102

Louis N. George, Esq.
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT  06114

Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
P.O. Box 221
North Haven, CT  06473-0221

_____
Michael T. McCormack