THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD A. MYERS, *ET AL.*

    Plaintiffs,

V.

TOWNSHIP OF TRUMBULL, *ET AL.*

    Defendants.

CIVIL ACTION NO.: 3:03-CV-00373 (RNC)

AUGUST 17, 2004

**DEFENDANT WESTFIELD SHOPPINGTOWN TRUMBULL'S MOTION TO STRIKE EXHIBITS SUBMITTED BY PLAINTIFFS IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant Westfield Shoppingtown Trumbull hereby moves to strike Exhibits A through F and Exhibit L attached to Plaintiffs' Local Rule 56(a)(2) Statement filed in response to Westfield Shoppingtown Trumbull's Motion for Summary Judgment dated June 15, 2004. As set forth herein and in the memorandum

---

**December 14, 2004.**   *Myers v. Township of Trumbull*
                                    3:03CV00373 (RNC)

Re:  Defendant Westfield Shoppingtown Trumbull's Motion to Strike Exhibits Submitted by Plaintiffs in Response to Defendant's Motion for Summary Judgment (Doc. # 93)

Denied.  Federal Rule of Civil Procedure 56(c) and (e) clearly contemplates that deposition transcripts may be submitted to support or oppose a motion for summary judgment.  Fed. R. Civ. P. 56(c), (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Donovan v. Diplomat Envelope Corp.*, 587 F. Supp. 1417, 1426 (E.D.N.Y. 1984).  The court declines to strike these exhibits *in toto*.  To the extent that the contents of the exhibits are not based on personal knowledge, contain hearsay, or are otherwise inadmissible, the court will disregard those portions in considering defendants' motions for summary judgment.  *Housing Works, Inc. v. Turner*, No. 00-Civ.-1122 (LAK) (JCF), 2004 WL 2101900, at *4-5 (S.D.N.Y. Sept. 15, 2004).  So ordered.

Robert N. Chatigny, U.S.D.J.